IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY HIGBEE,

      Petitioner,                      No. CIV S-04-1820 RRB EFB P

    vs.

MIKE KNOWLES,

      Respondent.                  ORDER

_____/

       Petitioner is a prisoner seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. On January 8, 2008, petitioner filed a document styled "petition to Enter Default Judgment against the Eastern District of California." In it, petitioner seeks appointment of counsel, resolution of this action, and a stay of "all future parole hearing" until this action finally is resolved. Respondent has not filed an opposition.

       Petitioner seeks habeas relief on the ground that he has been denied due process in state proceedings to determine whether he is suitable for parole. The parole proceedings he challenges occurred on January 10, 2002. This matter was submitted for decision on March 8, 2007, when petitioner filed a reply.

       The court first addresses petitioner's present request that this court stay any future parole suitability hearings. It appears, as petitioner suggests, that he faces subsequent parole

1

consideration hearings periodically even though his petition is pending in this court. *See* Cal. Pen. Code § 3041.5 (West 2005) (establishing time intervals for parole consideration hearings in the event a prisoner is found not suitable for parole). California has a system of providing periodic parole suitability hearings for prisoners. However, within the context of this habeas action, petitioner has not shown that this court has any authority to make any order with respect to whether California provides petitioner with further parole suitability hearings. Subsequent parole suitability hearings do not necessarily have any bearing on this case. *See Hubbart v. Knapp*, 379 F.3d 773, 777 (9th Cir. 2004) (two-year commitment under California's Sexually Violent Predator Act too short a time for the validity of the confinement to be litigated). Thus, this request must be denied.

Petitioner requests that the court appoint counsel, alleging that this action is complex. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The court may appointment counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also*, Rule 8(c), Rules Governing Section 2254 Cases. The court does not find that this case is so complex that the interests of justice would be served by the appointment of counsel at this stage of the proceedings. Thus, petitioner's request must be denied.

Petitioner requests that this court resolve this action without further delay. This court's case load is such that there is delay in resolving all actions. Sixteen habeas petitions were submitted for decision before petitioner's. The court intends to resolve the habeas actions in the order in which they were submitted for decision.

Accordingly, it hereby is ORDERED that:

1. Petitioner's January 8, 2008, request that the court stay all future parole suitability hearings pending the outcome of this action is denied; and,

////

////

2. Petitioner's January 8, 2008, request for counsel is denied.

Dated: April 8, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3